IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Nathaniel W. Ellibee,**

   **Plaintiff,**

v.                         Case No. 03-3194-JWL

**Charles E. Simmons,**

   **Defendant.**

## MEMORANDUM & ORDER

Plaintiff, a prisoner in the custody of the State of Kansas, has filed this lawsuit against defendant, the former Secretary of Corrections for the Kansas Department of Corrections,[1] alleging that the deduction of 5 percent of plaintiff's wages earned from his private prison employment for crime victim compensation violates plaintiff's constitutional rights. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This matter is presently before the court on the parties' cross-motions for summary judgment.[2] As explained in more detail below, plaintiff's motion is

---

[1] Plaintiff has sued Mr. Simmons in both his official and individual capacities. Plaintiff's claims for monetary damages and a declaratory judgment against defendant in his official capacity are barred by the Eleventh Amendment. *See Meiners v. University of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004); *White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). His claims for injunctive relief against defendant in his official capacity, however, are not barred by the Eleventh Amendment. *Meiners*, 359 F.3d at 1232.

[2] Two additional motions are also pending before the court–plaintiff's motion to toll the time period for plaintiff to file a response to defendant's motion for summary judgment and plaintiff's motion for oral argument on the motions for summary judgment. Plaintiff's motion to toll the time period for him to respond to defendant's motion for summary judgment is moot. In his motion, plaintiff requested that he not be required to file a response to defendant's motion until the magistrate judge ruled on his pending motion to compel discovery. At the time he filed his motion, however, Judge O'Hara had already issued an order

denied, defendant's motion is granted and plaintiff's complaint is dismissed in its entirety.

*Facts*

The facts relevant to plaintiff's claims are uncontroverted. Kansas law requires that "any inmate employed in a private industry program . . . shall . . . have deduction [sic] of 5% of monthly gross wages paid to the crime victim compensation fund or a local property crime fund for the purpose of victim compensation." *See* K.S.A. § 75-5211(b). To implement this deduction and other deductions required by statute, the Secretary of the Kansas Department of Corrections adopted Internal Management Policy and Procedure (IMPP) 04-109. In relevant part, IMPP 04-109 states that "a minimum five (5) percent of the gross wages earned by inmates employed in private non-prison based or prison based work release programs shall be paid to the Crime Victims Compensation Board for the purposes of victim compensation."

Plaintiff is employed by a private prison-based employer at the facility in which he is incarcerated. From August 1996 through May 2001, the KDOC deducted $3223.09 from plaintiff's inmate trust fund account for crime victim compensation. In his complaint, plaintiff asserts that this deduction constitutes an unlawful government taking in violation of the Fifth Amendment and cruel and unusual punishment in violation of the Eighth Amendment. He further

---

denying the motion to compel. In any event, it appears that plaintiff waited to file his response until he received the order and, thus, the motion is moot. Plaintiff's motion for oral argument on the motions for summary judgment is denied as the court believes argument is unnecessary given the parties' detailed and intelligible briefing on all issues. *See* D. Kan. Rule 7.2 (requests for oral argument are granted only at the court's discretion).

2

asserts that IMPP 04-109 violates the reexamination clause of the Seventh Amendment and violates the due process and equal protection clauses of the Fourteenth Amendment.[3]

*Protected Property Interest*

To state claims under the Fifth Amendment and under the due process clause of the Fourteenth Amendment, plaintiff must first establish that he possesses a constitutionally protected property interest. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000-01 (1984) (Fifth Amendment takings clause); *Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005) (due process claim) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569(1972)). Property interests are not created by the Constitution, but rather by independent sources such as state law. *Brown v. New Mexico State Personnel Office*, 399 F.3d 1248, 1254 (10th Cir. 2005) (citing

---

[3]In his motion for summary judgment, plaintiff asserts for the first time that the deduction also constitutes an unreasonable seizure in violation of the Fourth Amendment. The court construes these allegations as a request to amend the complaint, *see Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) (inclusion of new allegations in a response to a motion for summary judgment should be considered a request to amend the complaint pursuant to Federal Rule of Civil Procedure 15), and denies the request.

Significantly, plaintiff moved to amend his complaint to add a Fourth Amendment claim when discovery was still ongoing and within the time period set forth in the scheduling order. Defendant did not oppose the motion and, on March 22, 2005, Judge O'Hara granted plaintiff's motion and directed plaintiff to file his amended complaint within 11 days of the date of his order. Despite having the opportunity to do so, plaintiff never filed an amended complaint. *See id.* at 1212 ("If an amendment is permitted, we think the federal rules contemplate a formal amended complaint."). To permit an amendment at this time would be unduly prejudicial to defendant as discovery has been closed for more than two months. *See id.* (district court did not abuse discretion in refusing to permit plaintiff to amend complaint at summary judgment stage where discovery had closed).

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985)); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) (to have a protected interest, there must be a legitimate claim of entitlement grounded in state law).

Plaintiff does not have a protected interest in the full amount of his wages. Kansas state law permits the Department of Corrections to promulgate rules and regulations providing for various deductions and specifically requires a 5 percent deduction for victim compensation from the wages of those inmates, like plaintiff, who are employed in a private industry program. *See* K.S.A. § 75-5211(b). Nothing in the statutory scheme provides an entitlement to the full amount of wages earned. As the Kansas Court of Appeals has explained,

> It is well established that a state may legitimately restrict an inmate's privilege to earn a wage while incarcerated. The benefits of employment during incarceration are granted by the state as a privilege and not as a right. . . . [W]hatever right Appellants have to compensation is solely by the grace of the state and governed by rules and regulations promulgated by legislative direction.

*Ellibee v. Simmons*, 32 Kan. App. 2d 519, 522 (2004) (quoting *Cumbey v. State*, 699 P.2d 1094, 1097-98 (Okla. 1985) (viewing inmates' trust accounts as "conditional credits of potentially accessible funds, rather than vested property interests")). Neither do prison policies or regulations provide plaintiff a constitutionally protected property interest in the full amount of his wages. In fact, IMPP 04-109 expressly states that "all monies received by inmates" from employment "shall be secured and disbursed in a manner and in the amount required by State statute and administrative regulations." To the extent plaintiff has a protected interest in his wages, that interest would extend only to those wages remaining in his account after all mandated deductions are made. *See* IMPP 04-109 § V.B.11 ("Any monies [received from employment]

4

remaining may be expended by the inmate at their discretion, subject to the approval for withdrawal by the warden or designee."); *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989) (Wyoming statutory scheme created legitimate expectation that money remaining in inmate trust account after deductions, including deductions for victims compensation, would be returned to the inmate at the end of his incarceration).

Accordingly, because neither Kansas law nor any other "independent source" provide plaintiff a constitutionally protected property interest in the full amount of his wages, his claims under the Fifth Amendment and the due process clause of the Fourteenth Amendment must fail. *See Ziegler v. Whitney*, 2004 WL 2326382, at *2 (10th Cir. Oct. 15, 2004) (no due process claim based on the payment of less than the prevailing wage for work performed as an inmate; inmates do not have a protected property interest in the wages earned from employment); *McIntyre v. Bayer*, 2003 WL 21949154, at *1 (9th Cir. Aug. 13, 2003) (no due process claim based on deductions from inmate's trust account for victim compensation; inmate had no right to a prison job, no right to earn wages from such a job and, thus, no protected interest in the wages from that job); *Washlefske v. Winston*, 234 F.3d 179, 186 (4th Cir. 2000) (no takings claim under Fifth Amendment where prison expended interest earned on inmate's trust account for the general benefit of all inmates; no protected property interest where state statutory scheme gave inmate only limited rights to funds in his account); *Christiansen v. Clarke*, 147 F.3d 655, 657 (8th Cir. 1998) (no due process claim where prison deducted amounts from wages for room and board expenses; no protected property interest in full amount of his salary where statutory scheme authorized the deduction); *Petrick v. Fields*, 1996 WL 699706, at *1-2 (10th Cir. Dec. 6, 1996)

(no due process claim based on interest earned on funds in inmate trust account; no constitutionally protected property interest existed); *Brady v. Tansy*, 1993 WL 525680, at * (10th Cir. Dec. 21, 1993) (inmate had no protected interest in full amount of wages where state statutory scheme permitted the deductions at issue).

*Equal Protection*

According to plaintiff, defendant's IMPP 04-109 violates the Equal Protection clause of the Fourteenth Amendment because that portion of the policy requiring payment of 5 percent of an inmate's gross wages for victim compensation applies only to those inmates employed in private non-prison based work release programs and prison-based work release programs. In contrast, those employees employed in traditional work release programs are only required to pay 5 percent of their gross wages for victim compensation pursuant to an order of restitution. Plaintiff also highlights that only minimum security inmates are eligible for traditional work release programs and, as a maximum security inmate serving a life sentence, plaintiff will never be eligible for the traditional work release program.

To state an equal protection claim, plaintiff must allege that the government treated him differently than others who were similarly situated. *See Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985). Plaintiff has failed to identify any similarly situated inmates who were given preferential treatment under the policy. In fact, plaintiff concedes that the policy applies with the same force to those inmates who are similarly situated to plaintiff–inmates who are employed in private non-prison based work release programs or prison-based work release programs. Summary

judgment in favor of defendant is appropriate on this claim. *See Sanders v. Saffle*, 2000 WL 293826, at *2 (10th Cir. Mar. 21, 2000) (in order to show equal protection violation based on policy that differentiated among inmates based in part on security classification, inmate had to show that other inmates in his security classification were treated differently).[4]

*Seventh Amendment*

Plaintiff next asserts that defendant violated the reexamination clause of the Seventh Amendment by essentially "resentencing" him to restitution in the amount of $3223.09 when the sentencing court imposed a sentence that did not include an order of restitution. The Seventh Amendment provides that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. Amend. VII. The Seventh Amendment protects a party's right to a jury trial by ensuring that factual determinations made by a jury are not thereafter set aside by the court, except as permitted under the common law. *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1442-43 (10th Cir. 1988). On its face, then, the reexamination clause is inapplicable to this case and plaintiff's claim under the Seventh Amendment is frivolous. Simply put, plaintiff points to no "fact tried by a jury" that was thereafter

---

[4]According to plaintiff, he attempted to secure from defendant documentation concerning defendant's rationale for the "disparity of treatment" between those inmates employed in traditional work release programs and inmates employed in other programs. Plaintiff asserts that defendant advised him that all documents concerning the drafting of IMPP 04-109 had been destroyed. Regardless of whether the documents were destroyed, the evidence that plaintiff seeks would not save his equal protection claim for the reasons explained in the text.

reexamined by any court.  Summary judgment in favor of defendant is appropriate on this claim.

*Eighth Amendment*

Finally, plaintiff asserts that defendant subjected him to cruel and unusual punishment within the meaning of the Eighth Amendment by deducting from his wages an amount to be paid for victim compensation.  According to plaintiff, the deduction is "above and beyond the lawful sentence imposed by the court" and, thus, constitutes a "punative [sic] sanction."  Only those deprivations "denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1188 (10th Cir. 2003).  Plaintiff has not asserted that the deduction has deprived him of any necessities.  Summary judgment, then, is warranted in favor of defendant on this claim.  *See Sellers v. Worholtz*, 2004 WL 119882 (10th Cir. Jan. 27, 2004) (withdrawal of funds from prison account to pay various fees did not violate Eighth Amendment rights where prisoner did not show that he was unable to obtain necessities).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for summary judgment (doc. 44) is denied; defendant's motion for summary judgment (doc. 49) is granted; plaintiff's motion to toll the time period for plaintiff to file a response to defendant's motion for summary judgment (doc. 55) is moot; and plaintiff's motion for oral argument on the parties' motions for summary judgment (doc. 59) is denied. Plaintiff's complaint is dismissed in its entirety with prejudice.

8

**IT IS SO ORDERED** this 4th day of August, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
