IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Nathaniel W. Ellibee,**

       **Plaintiff,**

**v.**                                      Case No. 03-3194-JWL

**Charles E. Simmons,**

       **Defendant.**

## MEMORANDUM & ORDER

Plaintiff, a prisoner in the custody of the State of Kansas, filed suit against defendant, the former Secretary of Corrections for the Kansas Department of Corrections, alleging that the deduction of 5 percent of plaintiff's wages earned from his private prison employment for crime victim compensation violates plaintiff's constitutional rights. Plaintiff sought relief pursuant to 42 U.S.C. § 1983. On August 4, 2005, the court issued an order denying plaintiff's motion for summary judgment, granting defendant's motion for summary judgment and dismissing plaintiff's complaint in its entirety. Plaintiff now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The motion is denied.

The court granted defendant's motion for summary judgment in part because plaintiff failed to establish that he possessed a constitutionally protected property interest in the full amount of his wages. In his motion to alter or amend, plaintiff urges that the United States District Court for the District of Kansas has already recognized that an inmate has a protected interest in the funds in his inmate account, citing *Owens v. Sebelius*, 357 F. Supp.2d 1281 (D. Kan. 2005) and *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 897 (D. Kan. 2004). Plaintiff suggests that this court's order

conflicts with these cases. Plaintiff is incorrect. Whether plaintiff has a protected interest in the funds in his inmate trust account is a wholly separate issue from whether he has a protected interest in the full amount of his wages. *Compare Elliott v. Simmons*, 2004 WL 1240915 (10th Cir. June 7, 2004) (plaintiff has a protected property interest in the money in his inmate account) *with Ziegler v. Whitney*, 2004 WL 2326382, at *2 (10th Cir. Oct. 15, 2004) (inmates do not have a protected property interest in the wages earned from employment); *and Brady v. Tansy*, 1993 WL 525680, at *1 (10th Cir. Dec. 21, 1993) (inmate had no protected interest in full amount of wages where state statutory scheme permitted the deductions at issue).

Plaintiff also suggests that K.S.A. § 75-5211(b) does not authorize the deductions from plaintiff's wages because he was not ordered to pay restitution. In making this argument, plaintiff relies solely on the last sentence of subsection (b) and he has read that sentence in isolation rather than in the broader context of the subsection as a whole. *See Anderson v. U.S. Dept. of Labor*, 422 F.3d 1155, 1177 (10th Cir. 2005) ( "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."); *True Oil Co. v. C.I.R.*, 170 F.3d 1294, 1299 (10th Cir. 1999) (when interpreting statutory language, courts must examine the disputed language in context, not in isolation). When read in context, the last sentence relates back to the previous sentence, which describes the manner for the disposition of funds (depending on whether there has been an order of restitution) in the event a local property crime fund has made a payment to

a victim of a property crime. *See* § K.S.A. 75-5211(b). This argument, then, is rejected.[1]

Finally, while plaintiff generally contends that the court misconstrued or failed to review his pleadings with respect to the parties' summary judgment motions, plaintiff points to no other specific error in the court's analysis or conclusions. Plaintiff's motion, then, is denied. *See Romero v. O'Brien*, 1993 WL 340927, at *1 (10th Cir. Aug. 27, 1993) (general complaint that district court failed to consider claims and arguments does not provide a basis for reversal; declining to address general complaint where plaintiff failed to assign specific error to the district court's treatment of his claims).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to alter or amend the judgment (doc. 67) is denied.

**IT IS SO ORDERED** this 29th day of November, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] In any event, to the extent plaintiff suggests that K.S.A. § 75-5268 applies to him in lieu of K.S.A. § 75-5211(b), the deductions at issue would still be permitted. Subsection (h) of K.S.A.§ 75-5268 permits the secretary of corrections to deduct "a reasonable amount of the inmate's net pay" for the payment of "obligations acknowledged by the inmate in writing." In this case, plaintiff consented in writing to the deduction of 5 percent of his wages to the crime victims compensation fund.